**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-19-01270-001-TUC-JCH (BGM) |
| Plaintiff, | **ORDER** |
| v. | |
| David Michael Ross, | |
| Defendant. | |

Before the Court is Defendant David Michael Ross's ("Defendant") Motion to Reduce Sentence or for Early Release pursuant to 18 U.S.C § 3582(c)(1)(A) ("Motion"). (Doc. 93.) The government filed a response and a supplement. (Docs. 99, 100.) For the reasons set forth below, the Motion will be denied.

**I.  BACKGROUND**

On April 17, 2019, Defendant entered the United States from the Republic of Mexico through the DeConcini Port of Entry in Nogales, Arizona. (Doc. 99 at 4.) Defendant was the driver, registered owner, and sole occupant of a 1995 Toyota pickup. *Id.* at 4-5. The vehicle was referred to secondary inspection where an x-ray scan revealed anomalies in the floor behind the driver and passenger seats. *Id.* at 5. Upon further inspection, officers discovered 1.16 kilograms of heroin and 6.08 kilograms of methamphetamine concealed in the vehicle. (Doc. 99 at 5.) On May 15, 2019, a grand jury indicted Defendant on six counts involving the importation and distribution of heroin and methamphetamine in violation of 21 U.S.C. §§ 841(a), (b)(1)(A), 846, 952, 960(b)(1), and

963. (Doc. 16.)

On February 4, 2021, Defendant entered into a plea agreement with the government and subsequently pled guilty to two counts involving the importation of heroin and methamphetamine in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(1)(A), and 960(b)(1)(H). (Docs. 67, 70.) In exchange for Defendant's guilty plea, the government agreed to dismiss the remaining charges in the indictment at the time of sentencing and to stipulate, pursuant to Fed. R. Crim. P. 11(c)(1)(C), to a sentence of between 90 and 151 months in prison. (Doc. 70 at 3-4.) On June 17, 2021, this Court accepted the plea agreement and sentenced Defendant to 108 months followed by 48 months of supervised release. (Doc. 92.) Defendant began serving his sentence on April 17, 2019. (Doc. 93 at 49.) As of the date of this Order, Defendant has served approximately 38 months of his 108-month custodial sentence. *Id.* Defendant is currently detained at a Federal Correctional Institute in Phoenix, AZ ("FCI Phoenix") under the direction of the Bureau of Prisons ("BOP"). (Doc. 93 at 1; Doc. 93-1 at 2.)

Defendant is forty-six years old and suffers from epilepsy, asthma, hypertension, obesity, and chronic back pain. (Doc. 93-1 at 30.) Defendant argues that his sentence should be reduced because he is medically unfit and at a high risk of serious complications should he become infected with COVID-19. *Id.* at 2. Defendant also argues the Court should grant his request for release based on family circumstances, specifically, that there are no available caregivers for his elderly mother who suffers from end-stage chronic obstructive pulmonary disease and chronic respiratory failure with hypoxia and requires continuous care. (Doc. 93 at 12; Doc. 93-1 at 51-55.)

On May 17, 2022, the Federal Public Defender reviewed Defendant's Motion and determined that there was no basis for appointment of counsel. (Doc. 94.) On June 21, 2022, the government responded arguing that the Motion be denied because: (1) "the defendant has failed to show that he has exhausted his administrative remedies"; (2) "the defendant has failed to show that he suffers from conditions that increase his risk of serious illness from COVID-19"; (3) "the defendant has not shown that his mother's medical or housing issues are extraordinary or compelling"; and (4) "the defendant poses a danger to

the community and the § 3553(a) factors weigh against a reduction in the defendant's sentence." (Doc. 99 at 1.)

## II. LEGAL STANDARDS

A district court is generally prohibited from modifying a sentence once it has been imposed, unless expressly permitted by law. *United States v. Penna*, 319 F.3d 509, 511 (9th Cir. 2003); *United States v. Handa*, 122 F.3d 690, 691 (9th Cir. 1997), as amended on reh'g (Aug. 4, 1997), cert. denied, 522 U.S. 1083, 118 S. Ct. 869, 139 L. Ed. 2d 766 (1998) ("A district court does not have inherent power to resentence defendants at any time. Its authority to do so must flow either from the court of appeals mandate under 28 U.S.C. § 2106 (1982) or from Federal Rule of Criminal Procedure 35.") (citations omitted); *United States v. Barragan-Mendoza*, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders.") (citations omitted).

However, a detainee in the BOP may seek a sentence reduction from a federal district court pursuant to 18 U.S.C. § 3582(c), as amended by the First Step Act of 2018. Pub. L. No. 115-391, 132 Stat. 5194, at 5239-40 (2018); *see United States v. Tsosie*, No. CR940003101PCTDGC, 2020 WL 3268694, at *1 (D. Ariz. June 17, 2020) ("The First Step Act amended § 3582(c) to permit motions for compassionate release by prisoners," rather than only the Prison Director). Amended 18 U.S.C. § 3582(c) provides:

> (A) the court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c).

"Under the compassionate-release statute, the district court may reduce a term of imprisonment if it finds, (1) after considering the factors set forth in [18 U.S.C. §] 3553(a)

to the extent that they are applicable, (2) that there are (a) extraordinary and compelling reasons (b) which warrant such a reduction; and (3) that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *United States v. Davis*, No. 21-10094, 2022 WL 1090945, at *1 (9th Cir. Apr. 12, 2022); 18 U.S.C. § 3582(c)(1)(A); *see also* U.S.S.G. 1B1.13 (policy statement regarding § 35829(c)(1)(A) imprisonment sentence reductions). The Ninth Circuit has also held that district courts are not bound by the terms of the Sentencing Commission's policy statement set forth in U.S.S.G. § 1B1.13 but may consider the statement only as guidance. *Davis*, 2022 WL 1090945, at *1*; see also United States v. Aruda*, 993 F.3d 797, 799 (9th Cir. 2021).

An inmate may file a motion for compassionate release in the district court "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). For this requirement to be fulfilled, the request must be submitted to the warden and contain the "extraordinary or compelling circumstances that the inmate believes warrant consideration" for compassionate release. *United States v. Rice*, 848 F. App'x 320, 321 (9th Cir. 2021), citing 28 C.F.R. § 571.61(a).

### III. ANALYSIS

Defendant has failed to exhaust his administrative remedies regarding his non-COVID reasons for relief. As a result, Defendant is not entitled to relief based on non-COVID reasons for relief. Defendant's COVID reasons for relief are exhausted but do not entitle him to relief. Lastly, application of the § 3553(a) factors counsel against Defendant's release.

#### a. Defendant has failed to exhaust his administrative remedies regarding his non-COVID reasons for relief

It is uncontested that Defendant applied for a reduction in sentence from the BOP at some point between his sentencing in June 2021 and the denial issued by the acting warden on October 7, 2021. (Doc. 99 at 4.) Attached as exhibit A to Defendant's Motion is a copy of the acting warden's October 7, 2021 denial of Defendant's request for a

reduction in sentence. *See* Doc. 93-1 at 2 ("You requested a reduction in sentence (RIS) based on concerns about COVID-19 and your increased risk. After careful consideration, this request is denied."). Despite the acting warden's letter stating that Defendant's RIS request based on COVID concerns is denied, the government flatly contends that it is "unclear whether the defendant raised the same medical issues in his request to the BOP that he raised in his motion." (Doc. 99 at 4.) The government has failed to support its position that it is unclear what medical issues were raised before the BOP or otherwise support is argument that Defendant's COVID related claim for a reduction in sentence is unexhausted. *Id*.

In cases where there is ambiguity as to whether a Defendant has exhausted her administrative remedies, this Court has the discretion to adjudicate a compassionate release case on its merits. *See generally United States v. Cuevas-Sotelo*, CR 15-2148-TUC-CKJ, 2021 WL 1759884, at *3 (D. Ariz. May 4, 2021) (holding that the defendant administratively exhausted his administrative remedies where it was unknown whether the defendant pursued on administrative appeal after his compassionate release request was denied by the warden, and the government did not raise an administrative exhaustion argument). The Court will exercise its discretion and find that Defendant has administratively exhausted his claim for a RIS to the extent his claim is based on COVID related concerns. There is no evidence in the record, however, that Defendant exhausted his administrative remedies with respect to his non-COVID grounds for a RIS. Thus, Defendant has failed to establish that he administratively exhausted his remedies with respect to his non-COVID reasons for a RIS.

Relying on *McCathy v. Madigan*, Defendant argues that the exhaustion requirement should be excused because "Congress has not clearly required exhaustion." (Doc. 93 at 4.) *See McCarthy v. Madigan*, 503 U.S. 140, 144-46 (1992) (holding that "[i]n determining whether exhaustion is required, federal courts must balance the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion."). Additionally, Defendant argues that exhaustion requirements are not absolute, even where exhaustion is seemingly mandated. (Doc. 93 at

4.) *See Washington v. Barr*, 925 F.3d 109, 118 (2d Cir. 2019) (holding that exceptions to exhaustion requirement may exist where exhaustion is (1) futile where agency decisionmakers are biased or the agency has already determined the issue, (2) unnecessary where the administrative process would be incapable of granting adequate relief, and (3) unnecessary where pursuing agency review would subject plaintiffs to undue prejudice).

Defendant's argument is unavailing. "A district court may not reach the merits of a compassionate release motion if the government has properly objected in the district court to the defendant's failure to exhaust." *United States v. Ransom*, 859 F. App'x 58, 59 (9th Cir. 2021), citing *United States v. Keller*, 2 F.4th 1278, 1282-83 (9th Cir. 2021) (holding "that a district court must enforce the administrative exhaustion requirement articulated in 18 U.S.C. § 3582(c)(1)(A) when the government properly invokes the requirement"). Here, the government raised a failure to exhaust objection to Defendant's Motion. (Doc. 99 at 3-4.) Congress has established an exhaustion requirement within the plain meaning of 18 U.S.C. § 3582(c)(1)(A)(i), and the Ninth Circuit Court of Appeals has not applied the *McCarthy* exhaustion exception to compassionate release cases pursuant to 18 U.S.C. § 3582(c). The Ninth Circuit Court of Appeals recently held that "[a] court may not excuse a defendant's failure to comply with a statutory exhaustion requirement." *United States v. Fuentes*, 834 F. App'x 414, 415 (9th Cir. 2021). Defendant fails to establish that requiring him to exhaust his administrative remedies with respect to his non-COVID reasons for a RIS would be futile, that the administrative process is incapable of granting relief, or that pursuing agency review would subject himself to undue prejudice. (Doc. 93.)

In sum, the Court finds that Defendant has failed to exhaust his administrative remedies with respect to his non-COVID grounds for a reduction in sentence. Accordingly, Defendant's request for relief on this basis will be denied.

### b. Defendant's COVID grounds for a reduction in sentence do not entitle him to relief

As mentioned above, the Court finds that Defendant has exhausted his claim for a reduction in sentence with respect to his COVID related concerns. The Court has reviewed the record and determines that Defendant's health conditions do not constitute

"extraordinary and compelling" reasons for a reduction in sentence. Defendant is forty-six years old and suffers from epilepsy, asthma, hypertension, obesity, and chronic back pain. (Doc. 93-1 at 30.) Obesity and hypertension are not extraordinary and compelling reasons for a sentence reduction. *See United States v. Ultreras*, No. 4:99-cr-759-TUC-CKJ-34, 2022 WL 657402, at *3 (D. Ariz. Mar. 4, 2022).

Moreover, Defendant is fully vaccinated against COVID-19. (Doc. 100-1.) "In light of the efficacy of COVID-19 vaccines, courts consistently refuse to find that COVID-19 presents an extraordinary or compelling reason for relief." *U.S. v. Tsingine*, CR-09-08132-001-PCT-GMS, 2021 WL 3419056, at *2 (D. Ariz. Aug. 5, 2021); *See United States v. Mitchell*, No. CR-05-00886-002-PHX-DGC, 2021 WL 2661486, at *3 (D. Ariz. June 29, 2021) ("Many courts have found that a vaccinated prisoner's risk of contracting COVID-19 does not rise to the level of an extraordinary and compelling reason, even in the presence of underlying health conditions.") (internal citation omitted); *United States v. Steltenpohl*, No. CR-18-0078-001-PHX-SPL, 2021 WL 2635456, at *1 (D. Ariz. June 25, 2021) ("However, regardless of his health conditions, COVID-19 reinfections are rare—particularly where the individual has been vaccinated."); *United States v. Ballenger*, No. CR-16-5535 BHS, 2021 WL 308814, at *5 (W.D. Wash. Jan. 29, 2021) ("[B]ecause [defendant] has already been infected and vaccinated, his chronic medical conditions alone do not amount to an extraordinary and compelling reason to warrant compassionate release.").

### c. The § 3553(a) factors weigh against release

Even if this Court had determined that extraordinary and compelling reasons existed, the Court would still have to consider the factors set forth in 18 U.S.C. § 3553(a) before determining whether compassionate release is appropriate. *See United States v. Acosta*, No. CR-05-01319-001-PHX-RCC, 2021 WL 1790773, at *1-5 (D. Ariz. May 5, 2021) (denying motion for compassionate release despite finding extraordinary and compelling circumstances because § 3553 factors weighed against release). Here, the § 3553(a) factors do not weigh in Defendant's favor.

As laid out by the government, before Defendant's involvement in drug trafficking

related to this case, he had a lengthy criminal record including a history of violating his conditions of probation and parole. In 2001, Defendant was sentenced to probation for a postal theft offense. (Doc. 80 at ¶ 30.) Within a year he violated probation and was sentenced to 120 days in prison. *Id*. In 2004, he was sentenced to jail followed by probation on a robbery offense. *Id*. at ¶ 35. Within three months, he violated his probation and was sentenced to 2.5 years in prison. *Id*. In 2009, he was sentenced to 4.5 years prison for possession of equipment to manufacture a dangerous drug. *Id*. at ¶ 37. He was released on parole in October 2012, and by April 2013, he had absconded from parole. *Id*.

The Court finds that Defendant's conduct here, taken together with his criminal history, shows he is highly likely to recidivate and violate any imposed conditions of release. This Court is convinced that Defendant is highly likely to violate any conditions of release imposed. The Court is also satisfied that the sentence imposed was appropriate. Defendant has served less than half of his sentence, and his release as requested would undermine the § 3553(a) sentencing factors.

**IV.    CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED DENYING** Defendant's Motion to Reduce Sentence or for Early Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. 93).

Dated this 8th day of July, 2022.

_____
Honorable John C. Hinderaker
United States District Judge