WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>           Plaintiff,<br><br>v.<br><br>David Michael Ross,<br><br>           Defendant. | No. CR-19-01270-001-TUC-JCH (BGM)<br><br>**ORDER** |

Defendant renews his request for compassionate release through a motion for reconsideration. (Doc. 102; *see also* Doc. 104 (construing Defendant's motion).) The Government responded. (Doc. 105.) The Court will deny the motion as untimely, but also explains why the motion lacks merit.

**I.     Background**

In May 2022, Defendant sought compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 93.) Defendant argued he is at high risk of COVID-19 complications and suffers from serious medical conditions including "stimulant related disorders[], epilepsy[], [] hypertension, asthma, low back pain" and "obesity." (Doc. 93-1 at 3–4.) Defendant also argued that there are no available caregivers for his elderly mother, who he claimed suffers from "end-stage chronic obstructive pulmonary disease and chronic respiratory failure with hypoxia." (Doc. 93 at 12; Doc. 93-1 at 51–55.) In July 2022, the Court denied Defendant's release request. (Doc. 101.)

In December 2022, Defendant filed the current motion for compassionate release.

(Doc. 102.) Defendant again argues he suffers from serious physical medical conditions—including "stimulant related disorder [], epilepsy, hypertension, asthma, lower back problems, and obesity"—and is experiencing deteriorating health "because of the aging process." (Doc. 102 at 7.) Defendant also argues that there are no available caregivers for his elderly mother, who suffers from "[obesity], hypertension [], . . . dermatitis, paroxysmal atrial fibrillation, asthma, and emphysema[.]" (Doc. 102 at 7.) Defendant submits a supporting letter from his mother's doctor saying Defendant's mother would "benefit" from having someone to assist and support her with her care. (Doc. 102-1 at 5.) The Court construed Defendant's Motion as a motion for reconsideration because the Motion requests the same relief denied in the Court's July 2022 Order. (Doc. 104.)

## II.     Legal Standard

Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e). *Wells Fargo Bank, N.A. v. Mahogany Meadows Ave. Tr.*, 979 F.3d 1209, 1218 (9th Cir. 2020). A motion for reconsideration must be denied absent "highly unusual circumstances," such as (1) "newly discovered evidence," (2) "clear error," or (3) "an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *see also* LRCiv. 7.2(g). Absent good cause, a motion for reconsideration must be filed within 14 days of the order that is the subject of the motion. LRCiv. 7.2(g)(2).

## III.    Analysis

The Court will deny Defendant's Motion because it is untimely. The Court denied Defendant's first motion for compassionate release in July, and Defendant filed the current reconsideration Motion four months later. That is longer than 14 days, and Defendant identifies no good cause warranting an exception to Rule 7.2(g).

Even if Defendant's Motion were not untimely, the Court would still deny it because Defendant's circumstances have not changed. Defendant's claimed health conditions are identical except for deterioration due to aging. But aging is not an unusual circumstance, and Defendant aged only four months before renewing his motion for compassionate

release. That is insufficient to justify reconsideration.

Defendant's mother's health also has not changed substantially. The conditions she faces, while serious, are less serious than the terminal illness Defendant previously claimed for her. The doctor's letter Defendant submits does not say assistance is necessary or identify any health issues not previously raised. Even if it did, Defendant does not demonstrate that his mother lacks access to help from other sources such as faith groups, community services, or government agencies. The Court also notes that it was aware of Defendant's mother's poor health and circumstances at sentencing.

Overall, Defendant's untimely motion is also without merit because his circumstances are unchanged. The Court therefore declines to reconsider its July Order.

**IV.    Order**

For the reasons above,

**IT IS ORDERED DENYING** Defendant's Motion (Doc. 102).

Dated this 26th day of January, 2023.

_____
Honorable John C. Hinderaker
United States District Judge